# Death Penalty

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE,<br><br>          Petitioner,<br><br>v.<br><br>RON DAVIS, Warden<br>California State Prison at San Quentin,<br><br>          Respondent.<br>_____ | Case No. CV 15-2010 R<br><br>ORDER DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>**DEATH PENALTY CASE** |

## I.   BACKGROUND

Theodore Shove is a serial habeas and civil rights litigant in this and other federal courts within this Circuit.  Though this Court has repeatedly dismissed his premature petitions on grounds firmly rooted in established federal law[1], and though the Court of Appeals has repeatedly affirmed those dismissals,[2] Mr. Shove perseveratively continues to present premature petitions for writs of habeas corpus recasting his previously rejected arguments in new terms.  The present petition is no different and for the following reasons it, like all of Mr. Shove's prior filings, must be dismissed.

---

[1] See District Court Cases: CV 08-7126 R; CV 10-4556 R; CV 12-2194 R; CV 13-1475 R
[2] See Ninth Circuit Court of Appeals cases: 09-55013; 10-56354; 96-80069; 13-56448

## II. DISCUSSION

On March 18, 2015 Mr. Shove filed a document entitled Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254(b)(1)ii) and 28 U.S.C. § 2241(c)(3). Mr. Shove complains of unlawful imprisonment, involuntary servitude, and that he is being held in violation of the federal and California State constitutions as well as federal laws and treaties. (Docket No. 1.) These are precisely the same issues that Mr. Shove has raised in each of his prior petitions which have resulted in this Court denying and dismissing them. Each of those dismissals has in turn been affirmed by the Ninth Circuit.

A judgment of death was entered against Mr. Shove on March 13, 2008.[3] Counsel on direct appeal was appointed for him on January 8, 2013. From that date until the present, Petitioner has sought and been granted ten extensions of time to file his opening brief on direct appeal. Based on the Court's examination of the state court docket, and the representations made by his counsel as they appear there, Mr. Shove's opening brief on appeal may not be filed until sometime in 2017 at the earliest. Petitioner has filed two pro se habeas corpus petitions in the state court since judgment was entered against him. Based on this Court's examination of the dockets in those cases, it appears that Mr. Shove has made the same baseless and/or untimely arguments in that forum as he has in the federal courts.[4]

This Court, as well as the Court of Appeals, has repeatedly explained to Mr. Shove that his attempts at obtaining federal habeas relief at this juncture are either premature or based on non-cognizable claims. This case is no different. Mr. Shove has had counsel appointed for him on direct review and by all accounts

---

[3] The docket for Mr. Shove's direct appeal is found at
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1893587&doc_no=S161909
[4] The dockets of Mr. Shoves pro se habeas cases can be found at
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1979984&doc_no=S193252 and
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1895771&doc_no=S164093

counsel is working diligently to prepare and file an appellate brief on his behalf. As also discussed repeatedly in prior orders, the policies of the California Supreme Court establish procedures for the appointment of state habeas counsel that this Court neither can nor would override considering that Mr. Shove is receiving the process that he is constitutionally due.

Finally, Mr. Shove, through a series of "questions presented" in his present filing, asks this Court to make a determination on matters that, pursuant to well established federal law, either must be first brought before the state court for resolution or are not cognizable on federal habeas review.[5]

## III. CONCLUSION

For the foregoing reasons, as well as the reasons stated in this Court's prior orders, this matter is hereby **DISMISSED**. All pending motions are **DENIED** as moot. The Court, on its own motion, deems Mr. Shove to have requested a certificate of appealability. The Court **DENIES** that request for both for the lack of a substantial showing of the violation of a constitutional right and because this matter has been prematurely filed thereby barring this Court's consideration of its merits. No motions for reconsideration, rehearing, or clarification, or any other submissions regarding this order shall be filed or entertained. Finally,

**IT IS SO ORDERED**.

Dated: May 11, 2015                    _____
                                       MANUEL L. REAL
                                       UNITED STATES DISTRICT JUDGE

---

[5] The questions relate to search and seizure, the confrontation clause, the right to habeas review, the right to know and challenge the evidence against him, the right to appellate review, due process, and equal protection. *See* Docket No. 1, page 2.